UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOM ARBINO,                      Case No. 1:11-cv-499
    Plaintiff                           Weber, J.
                                    Litkovitz, M.J.

    vs

HAMILTON COUNTY COURT
OF COMMON PLEAS, et al.,            **REPORT AND RECOMMENDATION**
    Defendants

        Plaintiff, a resident of Cincinnati, Ohio, brings this action against the Hamilton County Court of Common Pleas and the Ohio First District Court of Appeals. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

        Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The

Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2

Plaintiff alleges that employees in the Office of the Hamilton County Clerk of Courts lost a complaint he mailed to the office for filing on July 5, 2011. Plaintiff states he was attempting to obtain a temporary restraining order against Cincinnati Bell because they have gotten violent with him, shut off his phone, overcharged him, and interrupted his internet service. He states that several Clerk of Courts' employees refused to give him their names when he asked. On July 6, 2011, plaintiff re-mailed his case to the Hamilton County Clerk of Courts. His case was received on July 8, 2011, but not filed because it was deemed "incomplete." Plaintiff disagrees with this assessment and alleges his case was thrown out without a hearing by a judge in violation of his constitutional rights. Plaintiff then filed by mail an appeal with the Ohio First District Court of Appeals on July 18, 2011. Plaintiff states his case was returned in the mail unopened. As relief, plaintiff seeks $5 million and punitive damages.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

The defendants, the Hamilton County Court of Common Pleas and the Ohio First District Court of Appeals, are not legal entities capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976)

(quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (Weber, J.) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris); *Burton v. Hamilton County Juvenile Court*, 2006 WL 91600, at *5 (S.D. Ohio 2006) (Spiegel, J.) (holding that Hamilton County Juvenile Court is not a legal entity capable of being sued); *see also Yoel v. Gandolf,* Case No. 1:06-cv-387, 2007 WL 777983, at *5 (N.D. Ohio March 12, 2007) (holding that Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action). Accordingly, the complaint against defendants must be dismissed on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/5/2011                               s/Karen L. Litkovitz
                                             Karen L. Litkovitz, Magistrate Judge
                                             United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOM ARBINO,   Case No. 1:11-cv-499
    Plaintiff   Weber, J.
                                 Litkovitz, M.J.

    vs

HAMILTON COUNTY COURT
OF COMMON PLEAS, et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).